IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40350
Conference Calendar
_____


STEVE ARMISTEAD,

                                        Plaintiff-Appellant,

versus

ANTHONY JAMES COLLINS,
Warden TDCJ-ID Mark Stiles Unit,

                                        Defendant-Appellee.


- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CV-42
- - - - - - - - - - -
August 22, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Texas state prisoner Steve Armistead filed a civil rights complaint, 42 U.S.C. § 1983, against Anthony James Collins, the assistant warden of the Mark Stiles Unit, alleging that Collins expelled Armistead from his computer class in retaliation for Armistead's use of the prison grievance system. The district court granted Collins's motion for summary judgment and dismissed

---

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

the complaint.

A state official may not retaliate against a prisoner for exercising his federally protected rights. Williams v. Rhoden, 629 F.2d 1099, 1103 (5th Cir. 1980). This court has recognized that a prisoner may have a protected liberty interest in the prison grievance procedure. See Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993). However, if the conduct claimed to constitute retaliation would not, by itself, raise the inference that such conduct was retaliatory, the assertion of the claim itself without supporting facts is insufficient. Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir.), cert. denied, 488 U.S. 840 (1988).

In support of his motion for summary judgment Collins submitted an affidavit in which he averred that he removed Armistead from the computer class because he received information that Armistead was using the computers at the Windham School to create unauthorized documents for inmate distribution. Collins believed that this activity posed a security threat. Armistead has offered no evidence to contradict Collins's stated reason for the removal, and the district court properly granted summary judgment for Collins. See Woods v. Edwards, 51 F.3d 577, 580-81 (5th Cir. 1995).

AFFIRMED.